Lawrence A. Tabb (State Bar No. 141471)
l.tabb@mpglaw.com
**MUSICK, PEELER & GARRETT LLP**
One Wilshire Boulevard, Suite 2000
Los Angeles, California 90017-3383
Telephone: 213-629-7797
Facsimile: 213-624-1376

Jennifer M. Kokes (State Bar No. 210261)
j.kokes@mpglaw.com
**MUSICK, PEELER & GARRETT LLP**
650 Town Center Drive, Suite 1200
Costa Mesa, California 92626-1925
Telephone: 714-668-2400
Facsimile: 714-668-2490

Attorneys for Attorneys for Plaintiff and Counter-Defendant
AMERICAN ALTERNATIVE INSURANCE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ALTERNATIVE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>HUDSON INSURANCE COMPANY, and DOES 1-10, inclusive,<br><br>Defendants.<br><br>HUDSON SPECIALTY INSURANCE COMPANY,<br><br>Counter-Claimant,<br><br>vs.<br><br>AMERICAN ALTERNATIVE INSURANCE COMPANY, and ROES 1 through 10, inclusive,<br><br>Counter-Defendants. | CASE No. EDCV12-622 JFW (DTBx)<br><br>**AMERICAN ALTERNATIVE INSURANCE CORPORATION'S (ERRONEOUSLY SUED AS "AMERICAN ALTERNATIVE INSURANCE COMPANY") ANSWER TO HUDSON SPECIALTY INSURANCE COMPANY'S COUNTER-CLAIM FOR DECLARATORY RELIEF, EQUITABLE INDEMNITY AND EQUITABLE SUBROGATION** |

# ANSWER

COMES NOW Plaintiff and Cross-Defendant AMERICAN ALTERNATIVE INSURANCE CORPORATION (erroneously sued as "AMERICAN ALTERNATIVE INSURANCE COMPANY") ("AAIC") and, in answer to the Counter-Claim filed by Hudson Specialty Insurance Company ("Hudson") admits, denies and alleges as follows:

1.  On information and belief, AAIC admits the allegations contained in Paragraph 1 of the Counter-Claim.

2.  AAIC admits the allegations contained in Paragraph 2 of the Counter-Claim.

3.  AAIC lacks sufficient information or belief to admit or deny the allegations contained in Paragraph 3 of the Counter-Claim and, on that basis, AAIC generally and specifically denies each and every allegation contained in said paragraph.

4.  AAIC admits the allegations contained in Paragraph 4 of the Counter-Claim.

5.  AAIC admits the allegations contained in Paragraph 5 of the Counter-Claim.

6.  AAIC admits the allegations contained in Paragraph 6 of the Counter-Claim.

7.  AAIC admits the allegations contained in Paragraph 7 of the Counter-Claim.

8.  AAIC denies generally and specifically the allegations in Paragraph 8 of the Counter-Claim.

9.  AAIC admits that the Underlying Action proceeded to trial and resulted in a jury verdict in favor of Plaintiff Fretz and against Minuteman and that judgment on the jury verdict in the amount of $6,520,790.50 plus recoverable costs was filed

on June 21, 2011 (the "Judgment"). AAIC further admits that in or about July 22, 2011, while post-judgment interest was accruing, Plaintiff Fretz made her "best and last" demand to settle the Underlying Action in the amount of $7,202,104.39 which was approximately $6.2 Million above the amount Hudson could have settled the case for a year earlier and approximately $2.2 Million in excess of Hudson and AAIC's combined limits of insurance. AAIC also admits that on or about July 22, 2011, AAIC agreed to settle the Underlying Action for $7,202,104.39 (the "Settlement") and of this amount, Hudson only agreed to contribute its $1 Million policy limit and $219,289 in pre-judgment interest even though Hudson's policy specifically provides it pays "[A]ll costs taxed against the insured. . ." and, pursuant to *Civil Code* section 3291, pre-judgment interest is a "cost." Except as expressly admitted herein, AAIC denies generally and specifically the allegations in Paragraph 9 of the Counter-Claim.

10. On information and belief, AAIC admits that Hudson paid for the defense of Minuteman in the Underlying Action through final conclusion of the action by post-verdict settlement and satisfaction of judgment. Except as expressly admitted herein, AAIC denies generally and specifically the allegations in Paragraph 10 of the Counter-Claim.

### FIRST CLAIM FOR RELIEF
### (Declaratory Relief- Failure to Settle- Recovery of
### Defense Costs and Costs of Judgment)

11. In response to Paragraph 11 of the Counter-Claim, AAIC hereby incorporates by reference its response to Paragraphs 1 through 10 of the Counter-Claim, inclusive, as though fully set forth herein.

12. AAIC denies generally and specifically the allegations in Paragraph 12 of the Counter-Claim.

13. AAIC denies generally and specifically the allegations in Paragraph 13

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

794607.1

3

EDCV12-622 JFW (DTBx)

AMERICAN ALTERNATIVE INSURANCE CORPORATION'S (ERRONEOUSLY SUED AS "AMERICAN ALTERNATIVE INSURANCE COMPANY") ANSWER TO HUDSON SPECIALTY INSURANCE COMPANY'S COUNTER-CLAIM

of the Counter-Claim.

14.  AAIC admits the allegations in Paragraph 14 of the Counter-Claim.

15.  AAIC denies generally and specifically the allegations in Paragraph 15 of the Counter-Claim.

## SECOND CLAIM FOR RELIEF

### (Equitable Indemnity)

16.  In response to Paragraph 16 of the Counter-Claim, AAIC hereby incorporates by reference its response to Paragraphs 1 through 15 of the Counter-Claim, inclusive, as though fully set forth herein.

17.  On information and belief, AAIC admits the allegations in Paragraph 17 of the Counter-Claim.

18.  AAIC denies generally and specifically the allegations in Paragraph 18 of the Counter-Claim.

## THIRD CLAIM FOR RELIEF

### (Equitable Subrogation)

19.  In response to Paragraph 19 of the Counter-Claim, AAIC hereby incorporates by reference its response to Paragraphs 1 through 18 of the Counter-Claim, inclusive, as though fully set forth herein.

20.  AAIC denies generally and specifically the allegations in Paragraph 20 of the Counter-Claim.

## AFFIRMATIVE DEFENSES

21.  In addition, without assuming the burden of proof on any matters that would otherwise rest with Hudson, and expressly denying any and all wrongdoing, AAIC alleges the following defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Does Not State Facts)

22.  The Counter-Claim does not state facts sufficient to constitute any

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

794607.1                                              4                         EDCV12-622 JFW (DTBx)
AMERICAN ALTERNATIVE INSURANCE CORPORATION'S (ERRONEOUSLY SUED AS "AMERICAN ALTERNATIVE INSURANCE COMPANY") ANSWER TO HUDSON SPECIALTY INSURANCE COMPANY'S COUNTER-CLAIM

cause of action against AAIC.

## SECOND AFFIRMATIVE DEFENSE
### (Claims Barred by Policies' Terms, Conditions and Exclusions)

23. Hudson's claims are barred, in whole or in part, by the terms, conditions, limitations and exclusions in Hudson Policy No. NHA000081-00 (the "Hudson Primary Policy) and AAIC Policy No. 82A2FF0000278-00 (the "AAIC Excess Policy"), respectively, including but not limited to the declarations pages, the insuring clauses, the Supplementary Payments provisions, the defense provisions, the notice and cooperation clauses, the limits of liability and the subrogation clauses.

## THIRD AFFIRMATIVE DEFENSE
### (Exhaust Underlying Limits)

24. The applicable policy limit for the Hudson Primary Policy must be properly exhausted before AAIC owes any obligation to pay under the AAIC Excess Policy.

## FOURTH AFFIRMATIVE DEFENSE
### (AAIC Acted Reasonably and in Good Faith)

25. AAIC acted reasonably and in good faith in connection with its handling of the Underlying Action.

## FIFTH AFFIRMATIVE DEFENSE
### (Hudson's Breach of the Implied Covenant)

26. Hudson's claims are barred on the ground that Hudson unreasonably breached the implied covenant of good faith and fair dealing inherent in the Hudson Primary Policy, as alleged in AAIC's Complaint, thereby rendering Hudson liable for the full amount of the Judgment and/or Settlement in the Underlying Action, plus all costs and interest on the Judgment, as well as all defense fees and costs incurred in the Underlying Action.

## SIXTH AFFIRMATIVE DEFENSE

### (Hudson's Breach of the Duty to Communicate)

27. Hudson's claims are barred on the ground that Hudson breached its duty to communicate settlement offers made in the Underlying Action, as alleged in AAIC's Complaint, thereby rendering Hudson liable for the full amount of the Judgment and/or Settlement in the Underlying Action, plus all costs and interest on the Judgment, as well as all defense fees and costs incurred in the Underlying Action.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

28. Hudson's claims are barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

29. Hudson's claims are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

30. Hudson's claims are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

31. Hudson's claims are barred by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Terms and Conditions)

32. Hudson's claims are barred, in whole or in part, to the extent that the insured may have failed to comply fully with all of the terms and conditions of the AAIC Excess Policy.

///

///

## TWELFTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

33. AAIC reserves the right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding the claims of Hudson. Accordingly, AAIC reserves its rights to assert additional defenses when such information is ascertained through discovery and further investigation.

## PRAYER FOR RELIEF

WHEREFORE, AAIC prays for judgment on the Counter-Claim as follows:

1. That Hudson takes nothing by way of its Counter-Claim;
2. That each and every judicial declaration sought by Hudson be denied;
3. That the Counter-Claim and each purported claim for relief asserted therein be dismissed with prejudice;
4. That judgment be entered in favor of AAIC on each and every claim for relief asserted in the Counter-Claim.
5. For costs of suit incurred herein; and
6. For such other and further relief as the Court deems just and proper.

DATED: June 8, 2012　　　　　　　MUSICK, PEELER & GARRETT LLP

By: */s/ Jennifer Kokes*
　　Lawrence A. Tabb
　　Jennifer M. Kokes
　　Attorneys for Attorneys for Plaintiff and
　　Counter-Defendant
　　AMERICAN ALTERNATIVE
　　INSURANCE CORPORATION

794607.1　　　　　7　　　　　EDCV12-622 JFW (DTBx)
AMERICAN ALTERNATIVE INSURANCE CORPORATION'S (ERRONEOUSLY SUED AS "AMERICAN ALTERNATIVE INSURANCE COMPANY") ANSWER TO HUDSON SPECIALTY INSURANCE COMPANY'S COUNTER-CLAIM

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1200, Costa Mesa, California 92626-1925.

On June 8, 2012, I served true copies of the following document(s) described as **AMERICAN ALTERNATIVE INSURANCE CORPORATION'S (ERRONEOUSLY SUED AS "AMERICAN ALTERNATIVE INSURANCE COMPANY") ANSWER TO HUDSON SPECIALTY INSURANCE COMPANY'S COUNTER-CLAIM FOR DECLARATORY RELIEF, EQUITABLE INDEMNITY AND EQUITABLE SUBROGATION** on the interested parties in this action.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 8, 2012, at Costa Mesa, California.

*s/Holli M. Burkett*
Holli M. Burkett

794607.1

8

EDCV12-622 JFW (DTBx)

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

AMERICAN ALTERNATIVE INSURANCE CORPORATION'S (ERRONEOUSLY SUED AS "AMERICAN ALTERNATIVE INSURANCE COMPANY") ANSWER TO HUDSON SPECIALTY INSURANCE COMPANY'S COUNTER-CLAIM