Jeffrey S. Barron, Esq.  SBN:  65136
Gary Hamblet, Esq.  SBN:  90250
**MORRIS POLICH & PURDY LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone:      (213) 891-9100
Facsimile:      (213) 488-1178
jbarron@mpplaw.com
ghamblet@mpplaw.com

Attorneys for Defendant and Counter-Claimant,
HUDSON SPECIALTY INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| AMERICAN ALTERNATIVE INSURANCE COMPANY, | Case No.  **EDCV12-622 JFW (DTBx)** |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER AND [~~PROPOSED~~] ORDER** |
| vs. | |
| HUDSON INSURANCE COMPANY, and DOES 1-100, inclusive, | **(DISCOVERY MATTER)** |
| Defendant. | |
| HUDSON SPECIALTY INSURANCE COMPANY, | |
| Counter-Claimant, | |
| vs. | |
| AMERICAN ALTERNATIVE INSURANCE COMPANY, and ROES 1 through 100, inclusive, | |
| Counter-Defendant. | |

AMERICAN.ED12CV622DTB.ORDER.doc                1

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, AMERICAN ALTERNATIVE INSURANCE COMPANY and HUDSON SPECIALTY INSURANCE COMPANY (collectively "the parties"), hereby stipulate and agree as follows:

1.   This Stipulated Protective Order (the "Order") shall govern the handling of all printed and electronic documents, tangible things, testimony, and discovery responses produced, delivered, or served during this action, either voluntarily or as required by discovery requests made pursuant to the Federal Rules of Civil Procedure (collectively "Material").

2.   The parties will use reasonable efforts to limit the amount of information designated as Confidential Material.  All Confidential Material shall be used solely for the prosecution and/or defense of this action.  Confidential Material shall not be used, directly or indirectly, by any person, including, without limitation, experts, for any business, commercial or competitive purpose or for any purpose whatsoever other than the preparation, trial and appeal of judgments or orders of this action.

3.   In responding to requests for discovery in this action, any party or non-party (the "producing party"), may designate as confidential any Material that the producing party in good faith believes (a) contains trade secrets, (b) concerns sensitive issues of corporate planning or business strategy not directly related to the merits of this lawsuit, (c) is required to be maintained as confidential pursuant to any court order, settlement, or other contractual agreement, (d) contains medical or other personal information the disclosure of which would violate federal or state law, a court order, or other contractual agreement, (e)  contains

confidential attorney-client communications, or (f) constitutes attorney work product.  Such designation shall be by written notice identifying the confidential Material <u>and</u> by stamping or otherwise affixing to the face of such Material the term "Confidential  -  Subject to Protective Order."

4.   In the case of depositions of either party witnesses or non-party witnesses taken in this action, confidential information contained in such depositions or exhibits marked in such depositions shall be noted in accordance with Paragraph 3 or a substantially similar legend, or noted by making a statement on the record during the deposition or noted in writing to all parties in this action within fourteen (14) days following receipt of the transcript.  The parties may modify this procedure for any particular deposition through agreement of all parties attending such deposition, as reflected on the record of such deposition, without further court order.

5.   In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

6.   Designation of Material as Confidential Material will also render confidential any copies, excerpts, summaries, or other form of the substance or contents of such Material.  No party shall make or permit the making of more copies of any Confidential Material than are reasonably necessary for the conduct of this action.

7.   Inadvertent production of any Material intended to be protected as Confidential Material by the producing party without a designation of "Confidential" shall not waive a party's claim of confidentiality as to such Material.  Within ten (10) days of discovering the inadvertent production, the producing party may designate the same as "Confidential" pursuant to the provisions of Paragraph 3.

8.   This Order shall not affect the treatment of any documents or information subject to the attorney-client privilege or work product doctrine under Federal Rules of Civil Procedure.  A party who produces Material without intending to waive a claim of privilege or work product does not waive that claim under either this Order if within ten (10) days or a shorter time ordered by the Court, after the producing party actually discovers that such production was made – the producing party amends its response, identifying the Material produced and stating the privilege asserted.  If the producing party thus amends its response to assert a privilege or protection, the party receiving such Material must promptly return the specified Material and any copies thereof, pending any ruling by the court denying the privilege or protection.

9.   Except with the prior consent of the producing party, no Confidential Material may be disclosed to any person other than: (a) attorneys for the parties; (b) secretaries, paralegals, assistants, and other employees of such attorneys assisting in the preparation of this action; (c) employees of parties or their counsel involved in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designating programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; (d) outside copying or scanning services and third-party contractors performing one or more of the functions listed in Section (c) above;

(e) consultants and experts retained in this action; (f) parties to this action or directors, officers, managing agents, inside counsel or employees of any party to this action; (g) potential deposition or trial fact witnesses; (h) the "Court" (including the jury and any special master appointed by the Court); (i) any mediators and/or arbitrators the parties may choose to retain in connection with this matter or in connection with claims related to this matter; (j) insurers, reinsurers, or auditors for the parties; and (k) court reporters recording the proceedings in this action.

10. Confidential Material shall not be disclosed to any other entity except as provided in the preceding paragraph.

11. Nothing herein shall prevent disclosure beyond the terms of this Order if each and every party designating the information as Confidential Material consents in writing to such disclosure.

12. Nothing herein shall prevent disclosure of Confidential Material as required by law or compelled by order of any court, or restrict any party's use of its own Confidential Material, provided:

a. In the event an order from a governmental entity, a court, or an arbitration tribunal requires the disclosure of Confidential Material, the party from whom disclosure is sought shall give immediate written notice to the producing party to enable that party to take such protective actions as it may deem necessary.

b. In the event that, absent an order referred to in subsection (a) above, any party believes that disclosure is otherwise required by law within the scope of this section, it shall give at least thirty (30) days written notice to the producing party prior to disclosing such Confidential Material (or, if disclosure is required within a

shorter period, the party shall give written notice to the producing party within three (3) days of receipt of any such demand), setting forth the Confidential Material which it proposes to disclose, the identity of each person or entity to which the Confidential Material is to be disclosed, the statute, tribunal or other legal authority requiring disclosure and the circumstances pursuant to which disclosure is proposed to be made, along with a request to consent to such disclosure.

13. Counsel shall inform each person to whom they disclose or give access to Confidential Material of the terms of this Stipulation as well as the obligation to comply with those terms.

14. Notwithstanding any other provisions of this Order, nothing herein shall prohibit attorneys for a party from disclosing Confidential Material to the person the document expressly identifies as author, addressee, recipient, or subject of such document.

15. The authorization contained herein for the parties to designate any information as Confidential Material is intended solely to facilitate preparation and trial of this case, and such designation shall not be construed in any way as an admission or agreement by an opposing party that such Material constitutes or contains confidential or secret information.

16. Any party shall have the right to challenge any designation of confidentiality by a producing party by serving written notice of objection to the Party designating the material "Confidential."  The Parties shall then attempt in good faith to resolve the dispute.  Any resolution shall be set forth in writing and signed by the objecting and producing parties.  If the Parties are unable to come to

a resolution after a good faith attempt to resolve the dispute, the Party challenging the protection of the material shall seek an order of the Court with respect to any Confidential Material.  Any such challenge must be made sixty (60) days before trial.  Any motion challenging a designation will need to be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).  In any such motion, the burden of establishing the need for confidentiality shall be upon the proponent of confidentiality, and no inference shall be drawn from the fact that the Material previously was designated as confidential pursuant to this Order.  The designated Material in question shall continue to be treated as Confidential Material subject to the terms of this Order until the Court acts on the motion, and thereafter if the Court's ruling does not remove the designation.

17. Pursuant to Local Rule 79-5.2, no sealed or confidential record of the Court maintained by the Clerk shall be disclosed except upon written order of the Court.  Any Confidential Material that is admitted as evidence in this action shall be part of the record of this action whether or not the Confidential Material has been filed under seal.

18. Any party may ask the Court to hold any proceeding in this case *in camera* on the ground that such proceeding will involve or relate to documents containing Confidential Material.

19. At the conclusion of this case, the parties agree that Confidential Materials shall be retained in each party's counsel's respective files and subject to the terms of this Stipulation.  With respect to all Confidential Materials provided to third parties as defined in paragraph 9 (d) - (g) and (i) – (k), such third parties shall be required to return or destroy all Confidential Materials ninety (90) days

after the entry of a final judgment in this litigation from which no appeal has been or can be taken, upon request of a party.  Each party's counsel who provided such Confidential Materials to such third parties shall advise the third parties of their obligations under this Stipulation to return or destroy the materials. This provision does not apply to any Confidential Materials which the parties are obligated to maintain to evidence the settlement or resolution of this case and/ or the basis thereof. Once such obligations cease to exist, the parties are required to promptly abide by the terms of this provision.

20. This Court shall retain jurisdiction to enforce or modify this Order.

Dated:  June 18, 2012               Respectfully submitted,

                                    **MORRIS POLICH & PURDY LLP**


                                    By: _____

                                        Jeffrey S. Barron
                                        Gary Hamblet
                                    Attorneys for Defendant and Counter-
                                    Claimant HUDSON SPECIALTY
                                    INSURANCE COMPANY

Dated:  June 18, 2012               **MUSICK, PEELER & GARRETT LLP**


                                    By: _____/S/ JENNIFER  KOKES_____
                                        Lawrence A. Tabb
                                        Jennifer Kokes
                                    Attorneys for Plaintiff and Counter-
                                    Defendant AMERICAN ALTERNATIVE
                                    INSURANCE COMPANY

1

## <u>ORDER</u>

2

3    IT IS SO ORDERED:

4

5    Dated:  June 20, 2012

6    _____

     Honorable David T. Bristow
     United States Magistrate

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMERICAN.ED12CV622DTB.ORDER.doc          9

**STIPULATION FOR PROTECTIVE ORDER**

**Case No.  EDCV12-622 JFW (DTBx)**