Jeffrey S. Barron, Esq.  SBN: 65136
Gary Hamblet, Esq.  SBN: 90250
**MORRIS POLICH & PURDY LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
jbarron@mpplaw.com
ghamblet@mpplaw.com

Attorneys for Defendant and Counter-Claimant,
HUDSON SPECIALTY INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ALTERNATIVE INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>HUDSON SPECIALTY INSURANCE COMPANY, and DOES 1-10, inclusive,<br><br>Defendant.<br><br>HUDSON SPECIALTY INSURANCE COMPANY,<br><br>Counter-Claimant,<br><br>vs.<br><br>AMERICAN ALTERNATIVE INSURANCE CORPORATION, and ROES 1 through 10, inclusive,<br><br>Counter-Defendant. | Case No.  EDCV12-622 JGB (DTBx)<br><br>**NOTICE OF FILING THE DECLARATION OF EDWARD J. MCKINNON IN SUPPORT OF HUDSON SPECIALTY INSURANCE COMPANY'S OPPOSITION TO AMERICAN ALTERNATIVE INSURANCE CORPORATION'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:          April 1, 2013<br>Time:          9:00 a.m.<br>Courtroom :  1 |

L0413931

1

1    **PLEASE TAKE NOTICE** that Defendant and Counter-Claimant HUDSON

2    SPECIALTY INSURANCE COMPANY attaches hereto the Declaration of

3    Edward McKinnon executed on January 17, 2013 in support of its Opposition to

4    AMERICAN ALTERNATIVE INSURANCE CORPORATION'S Motion for

5    Summary Judgment.  This document was inadvertently not included in Hudson's

6    papers previously filed in opposition to the Motion for Summary Judgment.

7

8    Dated:  March 11, 2013                 **MORRIS POLICH & PURDY LLP**

9

10                                 By:

11                                    Jeffrey S. Barron
                                     Gary Hamblet
12                                    Attorneys for HUDSON SPECIALTY
13                                    INSURANCE COMPANY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

L0413931                                 2
**NOTICE OF FILING THE DECLARATION OF EDWARD J. MCKINNON**
                                        **Case No.  EDCV12-622 JGB (DTBx)**

Jeffrey S. Barron, Esq.  SBN:  65136
Gary Hamblet, Esq.  SBN:  90250
**MORRIS POLICH & PURDY LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
jbarron@mpplaw.com
ghamblet@mpplaw.com

Attorneys for Defendant and Counter-Claimant,
HUDSON SPECIALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ALTERNATIVE INSURANCE CORPORATION, | Case No.  EDCV12-622 JGB (DTBx) |
| Plaintiff, | **DECLARATION OF EDWARD J. MCKINNON** |
| vs. | |
| HUDSON SPECIALTY INSURANCE COMPANY, and DOES 1-10, inclusive, | |
| Defendant. | |
| HUDSON SPECIALTY INSURANCE COMPANY, | |
| Counter-Claimant, | |
| vs. | |
| AMERICAN ALTERNATIVE INSURANCE CORPORATION, and ROES 1 through 10, inclusive, | |
| Counter-Defendant. | |

L0357231

1

I, Edward J. McKinnon, declare:

I am an insurance claims professional who was retained by Hudson Specialty Insurance Company to act as a consultant and potential expert witness in connection with the pending litigation between American Alternative Insurance Corporation and Hudson Specialty Insurance Company.

1. It is my opinion that American Alternative Insurance Corporation acted unreasonably based on the customs and practices in the insurance industry when it failed to settle the Fretz v. Minuteman Parking lawsuit prior to trial.

2. Attached as Exhibit "1" is my Rule 26 Expert Report which contains my qualifications, the documents and information upon which I have relied and the reasons and bases for the opinion expressed above. My Rule 26 Expert Report is true and accurate to the best of my knowledge.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 17, 2013

Edward J. McKinnon

Jeffrey S. Barron, Esq. SBN: 65136
Gary A. Hamblet, Esq. SBN: 90250
MORRIS POLICH & PURDY LLP
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
jbarron@mpplaw.com
ghamblet@mpplaw.com

Attorneys for Defendant and Counter-Claimant
HUDSON SPECIALTY INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN ALTERNATIVE INSURANCE CORPORATION, | Case No.: EDCV12-622 JFW (DTBx) |
| Plaintiff, | |
| v. | **RULE 26 EXPERT REPORT** |
| HUDSON SPECIALTY INSURANCE COMPANY, and DOES 1-100,R inclusive. | **EDWARD J. MCKINNON** |
| Defendants. | |
| HUDSON SPECIALTY INSURANCE COMPANY, | |
| Counter-Claimant, | |
| v. | |
| AMERICAN ALTERNATIVE INSURANCE CORPORATION, and ROES 1 through 10, inclusive. | |
| Counter-Defendants. | |

   **I, EDWARD J. MCKINNON,** submit the following Expert Report pursuant to Rule 26

of the Federal Rules of Civil Procedure:

EXHIBIT
tabbles
1

I was furnished, reviewed and relied upon the following:

1)      Wayne Falsetto Deposition and Exhibits, October 18, 2012;

2)      Andrew Sanchez Deposition and Exhibits, October 17, 2012;

3)      Hudson Specialty Insurance Company Policy;

4)      Hudson Specialty Insurance Company Claim File;

5)      American Alternative Insurance Corporation Policy;

6)      American Alternative Insurance Corporation Claim File;

7)      Greg Edwards August 20, 2010 formal notice letter to American Alternative Insurance Corporation;

8)      Statutory Offer to Compromise, July 20, 2010;

9)      John Lowenthal's June 28, 2010 letter to Mary Barney;

10)     Greg Edwards August 27, 2010 letter to American Alternative Insurance Corporation;

11)     John Lowenthal's August 28, 2010 letter to Joseph Davis;

12)     Statutory Offer to Compromise, August 24, 2010;

13)     American Alternative Insurance Corporation Documents, Numbered: AAIC 0001 through AAIC 2071;

14)     American Alternative Insurance Corporation Documents, Numbered: AAIC-DM 0001 through AAIC-DM 1082;

15)     Hudson Specialty Insurance Company Documents, Numbered:

HUD00001 through HUD04416.

My opinions follow:

On October 31, 2008, at about 8:00 PM, Tory A. Fretz, age 66, was walking alone through a parking lot towards the entrance to the Fantasy Springs Casino, located on land owned by the Cabazon Band of Mission Indians in Riverside County, California, a few miles southeast of Palm Springs. Before Fretz reached the Casino entrance, she was struck by a car being driven by a parking attendant employed by Minuteman Parking Company, a valet service under contract with the casino. The California Highway Patrol investigated. Its report indicates that the car knocked Fretz to the ground, causing her to strike her face. She was transported to Desert Regional Medical Center. The investigating CHP officer reported interviewing Fretz at the hospital. The CHP officer reported his conclusion that the cause of the accident was the parking attendant driving at an unsafe speed for the existing conditions.

On the date of the accident, Minuteman had primary liability insurance under a policy written by Hudson Insurance Company ("Hudson"). That policy was subject to a $15,000 self insured retention ("SIR") and had a limit of liability of $1,000,000. Minuteman also had an Excess liability policy written by American Alternative Insurance Corporation ("AAIC"). That policy had a limit of liability of $4,000,000, meaning Minuteman had a total of $5,000,000 in liability limits. Pursuant to the SIR in the Hudson policy, Minuteman had claims handling responsibility for which it retained EMCAS, a third party claims administrator ("TPA"). Minuteman reported the accident to EMCAS on November 4, 2008. EMCAS initiated an investigation, which included obtaining the CHP report, Minuteman's contract with the Casino, copies of statements taken from involved Minuteman personnel and internet research. The internet research yielded

a copy of an article published by Tennis Week. That article revealed that Fretz had been an

NCAA singles and doubles tennis champion in the 1960's and 1970's. The article described

Fretz' injuries as including a fractured left eye socket, a broken nose, trauma and bleeding to

[SIC] her skull and facial fractures. At the time of the accident, the article reported that Fretz

was heading into the casino to meet with Billie Jean King. It described Fretz as a "beloved

tennis teacher in the close-knit desert tennis community."

Fretz retained Los Angeles attorney Joseph Davis to represent her in respect of her claims

against both the Cabazon Indians as owners of the casino and Minuteman.

In a letter dated December 17, 2008, EMCAS reported the accident to Hudson. Hudson utilized

Gallagher Bassett Services, Inc. ("Gallagher"), a TPA, to provide claims handling services.

Gallagher assigned responsibility for the matter to Chris C. Lovell on December 17th. Lovell

recognized the potential for some liability being imposed on the Casino, as the parking lot

lighting was arguably inadequate.

On March 10, 2009, Davis wrote to a representative of the Cabazon Indians and demanded

$1,000,000 to settle Fretz' claim against the tribe. In his demand letter, Davis reported that

Fretz sustained serious facial and orthopedic injuries, for which she was treated at Desert

Regional Medical Center and Loma Linda Hospital. Davis identified two treating physicians,

an ophthamologist and an internist by name and said there were others. He advised that Fretz

was treating for facial injuries, double vision and orthopedic injuries and that she had been

unable to continue her regular duties as a tennis instructor. Gallagher reported details of the

claim, including the demand, to Hudson's assigned adjuster, Greg Edwards. Edwards became

actively involved in the claim on March 31, 2009.

On April 16th Edwards recorded his conclusion that there was not sufficient information from

Davis to substantiate the injuries, etc. The following day, he instructed Gallagher to contact the

tennis club where Fretz taught, to determine if she was teaching. On April 20th, Edwards

advised Gallagher that Hudson had posted a loss reserve of $350,000. A loss reserve is an

insurer's estimate of the likely ultimate cost of a claim. On April 21st, Gallagher advised that

the tennis club reported that Fretz was unable to teach because of vision problems. On April

29th, Edwards advised Gallagher of his plan to attempt to resolve the claim with a contribution

from the Casino, after Davis provides medical evidence to confirm Fretz' disability.

On June 11th, Davis sent a $1,000,000 settlement demand to EMCAS. In the demand letter,

Davis advised that Fretz' injuries included a subdural hematoma, numerous facial bone

fractures, including an orbital fracture which caused prolonged double vision, and a broken

nose. He provided four photos of Fretz' face taken in the hospital and advised that her left

eyelid required sutures. Davis advised that she was treating with an internist who reported that

Fretz was suffering from recurrent migraine-like headaches, dizzy spells and double vision that

had largely resolved. He reported that the injury caused a deviated septum, that is likely to

cause recurrent sinusitis. He advised that a May 13th MRI points to encaphalomalacia in the

left frontal lobe in the suptaorbital region, likely causing the reported headaches and dizziness.

Davis reported medical expenses of $90,000 and increasing. As to loss of income, Davis

advised that she would have continued tennis instruction until age 75 and that he estimated her

1    earnings loss to be $550,000.  Davis included some medical records of the treating internist, to

2    include the MRI report.  He provided nothing to support the claimed medical expenses.  To

3    support the earnings loss, he included a copy of the internet article mentioned above.  While the

4    injuries described in the limited records Davis provided do indicate that Fretz was seriously

5    injured, no reasonable insurer could estimate the likely value of Fretz' claim, due to the lack of

6    support for the claimed medical expenses and the total lack of support for a very significant lost

7    earnings claim.

8

9

10   On July 6, 2009, EMCAS responded to Davis, asking for the missing support for his claim.

11   This is the response that any reasonable claim professional would have made to the demand as

12   received.  On July 24th Gallagher sent a similar request to Davis, requesting support for the

13   damages claimed.  On July 27th, Gallagher provided Edwards with a copy of the demand.

14

15

16   On August 28, 2009, Edwards authorized Gallagher to retain counsel to see if the claim could

17   be resolved in a pre-suit mediation.  Gallagher retained John Lowenthal from the San

18   Bernardino office of Lewis, Brisbois, Bisgaard & Smith.  Lowenthal was not able to convince

19   Davis to engage in pre-suit mediation.  On October 22, 2009, Davis filed suit against two

20   Minuteman entities and two of its employees.  Davis told Lowenthal that he felt the need to

21   conduct discovery before mediating.

22

23

24   Davis also filed suit against the Cabazon Indians in tribal court.  The Tribe tendered to Hudson

25   as an additional insured under Minuteman's policy.  Hudson accepted that defense.

26

27

28

**HUDSON'S RULE 26 EXPERT REPORT - ED MCKINNON**

Davis served Minuteman in January 2010. Gallagher Bassett provided a copy to Edwards on January 26th. The agreed plan was to move for early mediation. Lowenthal reported that Davis agreed to voluntarily provide medical bills, records and support for the wage loss claim and that they had chosen June 3, 2010 for mediation. On May 24th, Lowenthal advised Edwards that he had still not received the material Davis had promised to send prior to mediation. Accordingly, the mediation date was advanced.

Davis produced much of the promised material and on June 28, 2010, Lowenthal provided a comprehensive analysis of all the material that Davis produced. In that report, Lowenthal reported that he evaluated Fretz' claim at $500,000 to $700,000. Ultimately, a mediation occurred on July 15, 2010. Davis demanded $1,500,000. Edwards reports that the consensus of all, including the mediator, but excepting Davis, was that the claim was worth $600,000.

On July 9, 2010, Hudson approved increasing its loss reserve to $1,000,000. On August 4, 2010, Lowenthal provided Edwards with a copy of a statutory offer to compromise for $1,000,000, that Davis served on July 21st. On August 20, 2010, Edwards provided AAIC with notice of the Fretz claim. On August 24, Edwards authorized Lowethal to serve Davis with a statutory settlement offer of $700,000, which was done.

In August, Lowethal retained investigators who conducted surveillance of Fretz periodically and those surveillances continued until close to trial. The investigators observed and photographed Fretz apparently teaching tennis; hitting a tennis ball and engaging in normal social activities. This investigation appeared to contradict Fretz' testimony during her deposition.

On September 23rd, Edwards received an acknowledgment from Andy Sanchez, AAIC's adjuster. At Sanchez' request, Edwards instructed Lowenthal to copy Sanchez on all future communications, which Lowenthal did.

On September 27th Davis served a second statutory offer to settle, this one in the amount of $1,299,000. Edwards received a copy on October 1st and Sanchez received a copy October 5th. The offer was allowed to expire. By the time of this offer, the apparent discrepancies between Fretz' alleged disabilities and what was indicated by the surveillances was known to both Hudson and AAIC. At no time did Sanchez, or anyone for AAIC, object to Hudson's decision to allow the offer to expire and not to renew and/or increase the prior offer of $700,000. This was consistent with the position I would expect any reasonable and prudent, similarly situated insurer to take, considering what appeared to be mounting evidence that the injuries were not as debilitating as claimed and/or that the claim was being exaggerated.

On November 1, 2010, Edwards, Sanchez and Lowenthal participated in a conference call. Edwards documented that they agreed to move forward with discovery, including deposing Fretz' clients re the earnings claim. Over the next five months, discovery proceeded. Surveillances continued to generate evidence that Fretz' injuries were not as severe as alleged. Lowenthal retained medical experts. Trial was set for the end of May 2011.

On April 8, 2011 Lowenthal wrote Edwards and Sanchez, reporting a very significant development. He advised that his retained neuro-radiologist had just provided his assessment that Fretz had visible brain damage and that she likely had impaired function, although she might not be aware of it. Lowenthal expressed concern that Fretz' retained neuro-psychologist

will reach a similar conclusion and opine that Fretz is suffering from depression and loss of higher cognitive function, although she does not realize it, as a result of brain damage caused by the trauma. On April 13th, Lowenthall withdrew his retained neuro-radiologist as an expert.

On May 5th, Lowenthal advised Edwards and Sanchez that he had taken the deposition of Fretz' neuro-psychologist. Consistent with what Lowenthal heard from his expert, Fretz' expert testified that Fretz was impaired both psychologically and neuro-psychologically in a number of ways, many of which she does not appreciate. The expert opined that Fretz had moderate brain injury and estimated that the cost of future treatment could be $1,300,000. Lowenthal advised that following the deposition, Davis told him that his economist would testify that the present value of this future treatment was approximately $900,000. On May 9th, these developments and other scheduling issues were discussed by Lowenthal, Edwards, Sanchez and Wayne Falsetto, to whom AAIC had just transferred responsibility for the Fretz claim.

On May 13, 2011, Lowethal provided Edwards and Falsetto with a detailed re-evaluation, which considered the recently discovered medical prognosis. In that letter, Lowenthall reported his opinion that the gross verdict value of Fretz' claim was $3,500,000 to $4,000,000 and that there was some possibility of offsets for some minor (he estimated 10%) comparative fault of Fretz and some assessment of fault to the Casino, which he estimated at 20% to 30%, which would apply only to non-economic damages. He estimated a net verdict of $3,250,000. Lowenthal further opined that Davis would accept something in the $2,500,000 to $3,000,000 range. Most claims professionals recognize that no one, including the involved lawyers, can accurately predict the verdict that a jury will return in a given matter. Such professionals would give

**HUDSON'S RULE 26 EXPERT REPORT - ED MCKINNON**

weight to defense counsel's opinion, but recognize that Lowenthal's opinion, at best, would be near the median of likely results.

On May 16th, Lowenthal reported that Davis was willing to discuss settlement and had made a demand for $3,000,000, plus costs and that the demand would increase by $1,000,000 if not settled by by close of business, May 17th.  Hudson advised AAIC that its $1,000,000 policy limit was available for AAIC to use in trying to settle the claim and, on May 17th, Falsetto instructed Lowenthal to offer a total of $1,250,000.  Lowenthal made the offer and then reported to Falsetto that Davis said he would pass on the offer to his client with a negative recommendation and that Davis further added that he had been concerned that the offer would be in the high 2's and "he'd have to sweat it."  Any experienced claims professional would interpret Davis' comment as a clear indicator that Fretz' claim could then have been settled in the $2,500,000 to $3,000,000 range.

On May 20, 2011, Davis asked Lowenthal to advise the insurers that his demand was $5,000,000.  Lowenthal advised both Edwards and Falsetto that same day.  Both advised Minuteman of the demand.  Falsetto made no further offer.  The case proceeded towards trial, scheduled to begin on May 31, 2011.  The insurers decided to bring in Dana Fox, one of Lowenthal's partners, to assist Lowenthal with the trial.

On May 27, 2011, after much effort including obtaining an order from the court, Lowenthal's retained NeuroPsych expert, Dr. Jeffrey Schaeffer, was finally able to examine Fretz.  Schaeffer's conclusions confirmed that Fretz' injuries were much more severe that originally believed by Lowenthal.  In his report issued June 2nd and provided to AAIC that day, Schaeffer

aaic - exp - expert report template (10401745)12-27.doc        10

concluded that Fretz' cognitive impairment was generally moderate and deteriorating and that

by aged 75, she would require full time licensed care and accommodated living. These opinions

would make it nearly impossible for the defense to make any substantial inroads into the

testimony of Davis' retained experts at trial. Trial began on May 31, 2011 as scheduled.

Schaeffer's deposition was scheduled to be conducted on Friday, June 3, 2011.

On June 1, 2011, Fox emailed Falsetto advising that Davis had indicated that he'd likely settle if

$3,000,000 were offered without delay. On June 2nd, Falsetto documented a phone

conversation with Fox in which Fox recommended attempting to settle before Schaeffer's

deposition proceeded the following day. Fox opined that if Davis asks Schaeffer the right

questions, his testimony will be very damaging. Falsetto obtained authority of $2,600,000 from

his manager.

Despite having authority to $2,600,000 and with the opportunity for settlement at $3,000,000

about to be lost during Schaeffer's deposition the following day, Falsetto authorized Fox to

make an offer of only $2,000,000, which Fox did. Davis' response was to increase his demand

to $7,000,000. On June 5th, Lowenthal advised Falsetto and Davis that the judge would allow a

local TV station to have a camera in the courtroom as the trial proceeded. Falsetto increased the

offer to $2,850,000. On June 7th, Fox reported that Davis had not responded to the offer.

Falsetto also indicated he would be willing to enter into a high/low agreement which would

guarantee Fretz a minimum of $2,500,000 in exchange for a limit on her recovery of

$5,000,000.

On June 10th, Fox advised Falsetto and Edwards that in his closing he planned to suggest a verdict of slightly more than $3,000,000. That same day, Davis responded to Falsetto's high/low offer with an indication that he would accept a low of $4,000,000 and a high of $8,000,000. Falsetto responded by asking about Davis' response to his $2,850,000 offer. Lowenthal advised him that it too had been rejected. That evening the jury returned a verdict of $6,520,790 net of fault allocated to the Casino and before interest and costs, to which Fretz would be entitled, because she had done better than her statutory offers to settle.

On July 22, 2011, the matter was settled for a total payment of $7,202,104.39, of which Hudson paid its policy limit of $1,000,000, plus $219,289.18 towards interest and costs, pursuant to the policy's supplementary payments provision. AAIC paid the balance of the settlement.

In February 2012, AAIC sued Hudson, seeking recovery of the money it contributed toward the settlement, based on the contention that Hudson should have paid the original $1,000,000 demand.

I disagree with AAIC's contention. Up until the time Davis served Fretz' lawsuit, Hudson was dependent on Davis to provide medical and other evidence to support his claim. In June of 2009 Davis, along with presenting a $1,000,000 settlement demand, first provided some limited medical records and made the unsupported contention that Fretz had an earnings loss of $550,000. In my opinion, a reasonable and prudent insurer in Hudson's position would not have paid the demand or could even have determined a reasonable counter-offer based on the limited support for Fretz' injury claims and the absence of any documentation for the substantial earning loss claimed.

After Lowenthal was retained, Davis did produce Fretz' medical records, but no support for the alleged earnings loss. In June 2010, Lowenthal reviewed those records and provided a comprehensive, well reasoned evaluation that Fretz' claim had a value between $500,000 and $700,000. I don't believe a reasonable and prudent insurer in Hudson's position would develop an evaluation that differed substantially from Lowenthal's. It was reasonable for Hudson to accept that evaluation or to reach its own evaluation in the same range. That decision was further supported the following month when the parties participated in mediation. The settlement value estimated by the mediator was actually less than Lowenthal's.

Nothing had changed when Davis made the $1,000,000 statutory offer. It was, therefore, reasonable for Hudson to allow the offer to expire. As still nothing had changed, it was reasonable for Hudson to make its $700,000 statutory offer, which number was at the high end of Lowenthal's evaluation and in excess of the mediator's evaluation. Many similarly situated insurers would not have made an offer at that point or would have offered substantially less, in an effort to move the plaintiff to a lower number.

Likewise, nothing had changed when Davis made his second statutory offer of $1,299,000. AAIC did not request that Hudson make its limits available so that it could agree to accept the offer. It was reasonable to allow that offer to expire.

Experienced claims professionals realize that estimating the value of claims is not an exact science. No one can accurately predict how a jury will value a given claim. Additionally, as claims are litigated, situations can change significantly. What initially looks like a high value claim, can actually be worth very little, after all the evidence is developed. Conversely, what initially appears to be a low or moderately valued claim, can ultimately be worth a significant

amount. Claims professionals have to apply their knowledge and experience to what is known at the moment they are estimating a claim's value. Hindsight cannot be the measure of the reasonableness of a settlement evaluation. A minor bone fracture, that most would value at less than $25,000, could lead to an embolism causing a stroke and a permanent vegetative state, making the claim's value easily eight figures. That does not mean that every fracture needs to be settled for whatever it takes, up to policy limits.

I believe its instructive to look at the approach that AAIC took after the brain damage was discovered and the insurers learned that Davis' experts were aware of it. Hudson made its limits available for settlement. AAIC made an offer that was less than half the value most reasonable insurers would have assigned at that point in time. From there on, it passed on a number of opportunities to settle within its policy limits, the most glaring of which was the June 2, 2011 opportunity. Considering the history of previous negotiations and Davis' consistent reaction to low offers, a reasonable, prudent, experienced claims professional, after learning what Falsetto learned on June 2nd, would have, either personally, or depending on the circumstances, through counsel, made the best deal available, up the $3,000,000. Considering the short window of opportunity, these negotiations should have occurred in a conversation, not just by communicating a number.

At all material times, Hudson's approach to settling the Fretz claim was reasonable and consistent with what reasonable and prudent similarly situated insurers would have done.

These opinions are based on my forty plus years in the insurance industry and my careful review of the documents listed above.

**HUDSON'S RULE 26 EXPERT REPORT - ED MCKINNON**

Attached is a copy of my Curriculum Vitae, which sets forth my background and expertise.

An article of mine was published in a 1994 edition of For The Defense, the magazine of the DRI. The article dealt with "claim files." In July 2006, I published an article for Daubert Online, which is a newsletter of the DRI. That article dealt with claims experts. I was published twice in Declarations, the magazine of the Excess/Surplus Lines Claim Association. The 2005 article dealt with my, then, 37 year perspective of the insurance industry. The 2008 article dealt with "minimum limit policies and catastrophic injuries."

For this assignment I am billing my time for all activity related to this matter at $300 per hour, plus out-of-pocket expenses.

Attached is a list of cases in which I have testified. This list is probably not complete. It is the best reconstruction I could form based on a review of my records.

Dated: December 27, 2012

Edward J. McKinnon

# CURRICULUM VITAE

## EDWARD J. MCKINNON

### EDUCATION

**University of Maryland and Merrit College, Oakland, California,** 1966 - 1967

### MILITARY SERVICE

**U.S. Army Intelligence Corps,** 1966-1969.  Including service in Vietnam, 1968.

### PROFESSIONAL EXPERIENCE

**GAB (General Adjustment Bureau),** 1969-1973

Multi-line claims adjuster, handling all types of claims from auto and homeowners to large commercial property and casualty losses.

**Harbor Insurance Co.,**  1973-1988

Adjuster, 1973-1974
Assistant Branch Manager, 1974-1977
Home Office Property Claims Manager, 1977-1978
Assistant Vice President, 1978-1980
Vice President and General Claims Manager, 1980-1987
Senior Vice President, 1988
Member, Board of Directors, 1988

**Claims Resource Management, Inc./ACCLAIM Administrators**  1988-Present

President and founder

### PROFESSIONAL AFFILIATIONS

**Excess/Surplus Lines Claims Association**

President, 1986
Member, Board of Directors, 1984-1987

**claims resource management, inc.**
P.O. Box 250  •  33345 Santiago Road  •  Acton, California 93510
Telephone: (661) 265-6400  •  Fax: (661) 265-6450  •  www.crmi.com

December 2012

OTHER PROFESSIONAL AFFILIATIONS (CONTINUED)

**Federation of Defense and Corporate Counsel**

Committee on Alternate Fee Arrangements, 1993
Litigation Management College Faculty, 1994-1996
Vice Chairman - Excess/Surplus Lines Section, 1996-1998
Litigation Management College Advisory Council, 1997-1998
Chairman - Excess/Surplus Lines Section, 1998-2000
Vice Chair - Technology and E-Commerce Committee, 1999-2003
Chair - Technology and E-Commerce Committee, 2003 -

OTHER PROFESSIONAL ACTIVITIES

**Insurance Institute of America**
Instructor, 1979.

**Fox & Co., Certified Public Accountants, Los Angeles.**
Speaker on **Business Interruption Claims Evaluation**, June 1980.

**Law Offices of Buchalter, Nemer, Fields & Younger, Los Angeles.**
Speaker on **Insurance Company Operations**, August 1988.

**Excess/Surplus Lines Claims Association, Marco Island, Florida.**
Panelist, **Panel on Current Reinsurance Issues**, September 1988.

**Law Offices of Sheft & Sweeny, New York.**
Conducted Seminar on **Current Trends in Directors & Officers Claims**, March, 1989.

**Property Claims Forum of Sacramento, California.**
Panelist, **Contamination Seminar,** May 1989.

**Property Loss Research Bureau, San Diego, California.**
Panelist, **Contamination Workshop,** March 1990.

**Excess/Surplus Lines Claims Association, Sandestin, Florida.**
Panelist, **Panel on Alternatives to Lawyers for Claim Work,** October 1990.

**FICC Claim College**
Faculty, 1995-1996.

**Mealey Publications, Inc., Conference, Laguna Niguel, California.**
Speaker on **Recent Trends in Directors and Officers Insurance**, February 1997.

**claims resource management, inc.**
P.O. Box 250  •  33345 Santiago Road  •  Acton, California 93510
Telephone: (661) 265-6400  •  Fax: (661) 265-6450  •  www.crmi.com

December 2012

OTHER PROFESSIONAL ACTIVITIES CONTINUED

**Home Builders Association, Seminar, San Luis Obispo, California.**
Panelist, **Responding to the Mold Menace**, May 2002.

**Pismo Coast Association of Realtors, Seminar, San Luis Obispo, California.**
Panelist, **Responding to the Mold Menace**, July 2002.

**Atascadero Association of Realtors, Seminar, Atascadero, California.**
Panelist, **Responding to the Mold Menace**, November 2002.

**San Joaquin Environmental, Inc., Seminar, Fresno, California.**
Panelist, on **Mold and Insurance**, August 2003.

**Joint International Conference, Barcelona, Spain.**
Speaker on **International Product Safety**, May 2004.

**American Bar Association, Insurance Coverage Litigation Committee, CLE Seminar, Tucson, Arizona.**
Speaker on **Insurance Expert Witnesses**, March 2005.

**Association of Southern California Defense Counsel, 46th Annual Seminar, Los Angeles, California**
Panelist, **Handling Professional Liability Claims**, February 2007.

OTHER

**Licensed Insurance Adjuster in:**
       **Alaska, license number 33891**
       **California, license number 2772917**
       **Connecticut, license number 995443**
       **Florida, license number E078596**
       **Idaho, license number 311435**
       **Nevada, license number 84179**
       **New Mexico, license number 157821**
       **North Carolina, license number 394822**
       **Oregon, license number 745003**
       **South Carolina, license number 369563**
       **Texas, license number 1232983**
       **Utah, license number 206857**
       **Washington, license number 116436**

**Registered Professional Adjuster, register number 170**

**ARIAS U.S. Certified Arbitrator**

**claims resource management, inc.**
P.O. Box 250  •  33345 Santiago Road  •  Acton, California 93510
Telephone: (661) 265-6400  •  Fax: (661) 265-6450  •  www.crmi.com

December 2012

## EXPERT TESTIMONY

| CLAIM | 12/17/12 CAPTION | FIRM | DEPOSED | TESTIFIED |
|-------|------------------|------|---------|-----------|
| 1005 | Shibley H. Horaney Dissolution | Robert A. Sobel | 01/01/00 | 01/01/00 |
| 1016 | MKA v. USF&G | Eldridge, Anderson & Wedkley | 01/17/00 | |
| 1031 | American Empire v. Leach | Marrone, Robinson, Frederick | 01/01/00 | 01/01/00 |
| 1036 | Baxter Healthcare v. Travelers | Paul, Hastings, Janofsky & Walker | 01/01/00 | 01/01/00 |
| 1054 | Lewis v. California Union | Chase, Rotchford, Drukker | 10/18/89 | |
| 1519 | Purex v. Harbor | Buchalter, Nemer, Fields & Younger | 03/12/91 | |
| 1544 | Chemstar, Inc. v. Liberty Mutual | Paul, Hastings, Janofsky & Walker | 09/04/91 | 12/04/91 |
| 1554 | James Lee v. Hartford, et al. | Gordon & Rees | 02/14/92 | |
| 1598 | Continental Illinois adv. Harbor | Conklin & Roadhouse | 08/28/91 | |
| 1679 | Southland Corporation v. ICW | Quisenberry & Barbanel | 04/15/92 | |
| 1748 | Transcontinental adv. Association of California | Larson & Burnaham | 03/18/92 | 03/18/93 |
| 1794 | American Motorist Insurance v. Childcraft | Paul, Hastings, Janofsky & Walker | 06/11/92 | 07/13/92 |
| 1832 | Hartford S.A.C. Properties | Gordon & Rees | 04/28/92 | 11/22/93 |
| 2352 | Service Control Corporation adv. Liberty Mutual | Churchill, Kaplan & Roberts | 12/29/92 | |
| 2417 | Commercial Union adv. Transamerica | Liapis, Gray, Stegan & Gray | 04/07/93 | |
| 2483 | Commercial Union v. Pulte Homes | Byrne, Keily & White | 02/19/93 | |
| 2553 | Richardson/Spring Canyon v. Canadian | Grady, Farley & Gerson | 03/22/93 | |
| 2559 | San Diego Fabric v. Norther/Maryland | Churchill, Kaplan & Roberts | 06/30/93 | 08/05/93 |
| 2722 | California Union v. Aetna Casualty | Gordon & Rees | 06/24/93 | 07/27/93 |
| 2723 | Abich v. Sosa | Sylvester, Oppenheim & Freedman | 08/09/93 | |
| 2753 | Hartford adv. Active Magnetic Inspection | Bodkin, McCarthy, Sargent & Smith | 06/25/93 | |
| 2789 | Kijora v. Universal Underwriters | R. Patrick McCulloch | 09/07/93 | |
| 2928 | Hartford adv. City of Oxnard | Crosby, Heafy, Roach & May | 11/19/93 | |
| 2973 | Stonewall Surplus Lines v. Industrial Indemnity | Sedgwick, Detert, Moran & Arnold | 08/23/93 | |
| 2989 | Global Aviation v. Carroll Burdick | Long & Levit | 03/31/94 | 10/31/94 |
| 3028 | NBC Electronics v. Canadian | Cummins & White | 03/08/94 | |
| 3036 | Vrzich v. Moore | Norby & Brodeur | 09/30/93 | 04/28/94 |
| 3154 | Reliance adv. J.I.P. | Crosby, Heafy, Roach & May | 04/30/96 | |
| 3168 | Knight adv. Maryland Casualty | Asaro & Keagy | 07/19/94 | 12/15/94 |
| 3220 | Apple Computer adv. Industrial Indemnity, et al. | Brown & Bain | 09/18/95 | |
| 3260 | Shelton v. So. Ca Physicians Exchange | Krakow & Kaplan | 07/14/95 | 10/06/95 |
| 3267 | American Samoa adv. Affiliated FM | Baker & McKenzie | 03/01/95 | |
| 3272 | California Union v. Liberty Mutual | Clausen, Miller, Gorman, Caffrey, et al. | 03/28/95 | |
| 3432 | Duke, Gerstel adv. Diamond | Donald Trembly | 10/05/95 | |
| 3471 | Conway & Shaw v. Liberty Mutual | Luce, Forward | 09/07/95 | |
| 3513 | Adler v. Western Home Insurance Company | Quisenberry & Barbanel | 03/20/96 | 03/27/96 |
| 3525 | Allstate adv. Morris | Luce, Forward | 03/06/96 | |
| 3535 | American Lock & Supply adv. Agricultural | Pillsbury, Madison & Sutro | 06/13/96 | |
| 3543 | Doheny West adv. Zurich American | Quisenberry & Barbanel | 12/27/95 | |
| 3588 | Liquiditems v. First Oak Brook | Wasserman, Comden & Casselman | | 08/12/96 |
| 3666 | American National Fire v. Southwest Coaches | Bishop, Barry, Howe & Ryde | 08/16/96 | |
| 3707 | W. R. Grace | Pitney, Hardin, Kipp & Szuch | 07/03/96 | |
| 3744 | Pershing Park Villas v. Reliance | Crosby, Heafy, Roach & May | 02/27/97 | |
| 3763 | Sherman adv. Farmers Home Mutual | Lewitt, Hackman, Hoefflin | 08/28/96 | 10/02/96 |
| 3803 | Warme v. Western Home | Mazursky, Schwartz & Angelo | 09/13/96 | |
| 3847 | Figoff adv. Allstate Insurance Company | Luce, Forward, Hamilton & Scripps | 03/31/97 | |
| 3868 | Commercial Union adv. Solon Ind. Townhouse Partner | Thompson, Hine & Flory | 12/18/96 | |
| 3885 | Great American adv. Allen | Bishop, Barry, Howe, Haney & Ryde | | 01/23/97 |
| 3920 | Renaissance Villas Assoc. v. Truck Ins. Exchange | Luce, Forward, Hamilton & Scripps | 01/06/97 | |
| 3944 | Koven v. Allstate Insurance Company | Luce, Forward, Hamilton & Scripps | 12/05/96 | 06/13/02 |

## EXPERT TESTIMONY

12/17/12

| CLAIM | CAPTION | FIRM | DEPOSED | TESTIFIED |
|---|---|---|---|---|
| 4220 | Commercial Union adv. Goe Engineering | Selman & Breitman | 01/23/98 | 07/14/98 |
| 4401 | McGraw Hill adv. First National | Paul, Hastings, Janofsky & Walker | 02/26/98 | |
| 4422 | Worldwide Promotional Productions adv. State Farm | Robie & Matthai | 11/25/97 | |
| 4423 | Unigard adv. O'Flaherty, et al. | Keesal, Young & Logan | 03/19/98 | |
| 4429 | Hochman v. Prudential | Ropers, Majeski, Kohn & Bentley | 12/09/97 | |
| 4489 | Durocher adv. Crawford & Co. | Morgan, Lewis & Bockius | 09/29/97 | |
| 4603 | Winston adv. Employers Re. | Keesal, Young & Logan | 11/20/97 | |
| 5531 | Foundation Health Corp. v. Steadfast Insurance | Arter & Hadden | 08/21/98 | |
| 5708 | Dudley v. Allstate | Ropers, Majeski, Kohn & Bentley | 04/02/99 | |
| 5709 | The Limited v. Royal Indemnity | Harrington, Foxx & Dubrow | 10/20/98 | |
| 7215 | Commercial Union adv. Sabins | Sundahl, Powers, Kapp & Martin | 03/26/01 | |
| 8501 | NAPI v. Meadowbrook Insurance | Rubinstein & Perry | 07/11/03 | 07/29/03 |
| 8768 | Daly v. Royal Insurance Co. | Teilborg, Sanders & Parks | 08/02/01 | |
| 9279 | Rappaport v. Continental Casualty | King, Williams & Hanagami | 08/21/01 | |
| 9487 | Albert Seeno Construction v. Century Indemnity | Preuss, Shanagher, Zvoleff & Zimmer | 05/15/01 | |
| 9487 | Albert Seeno Construction v. Century Indemnity | Preuss, Shanagher, Zvoleff & Zimmer | 06/28/01 | |
| 9711 | Tara Hill HOA v. Scottsdale | Breidenbach, Buckley | 05/09/01 | 06/06/01 |
| 10172 | Old United Ins. Co. adv. Van Malsen | Nelson, Thompson, Pegue | 10/26/01 | |
| 10180 | Royal Ins. Co. adv. 522 Ranch | Charlston, Revich & Williams | 10/09/01 | |
| 10356 | Greenberg v. Statefarm | Even, Crandall | 01/25/02 | |
| 10630 | Royal adv. Coachmen | Dennis Wall | 07/14/04 | |
| 10631 | Pinkerton adv. Daiwoo | Musick, Peeler | 09/18/02 | |
| 10947 | Horace Mann Ins. Co. adv. Cook | Evan, Crandall | 04/30/02 | |
| 11064 | Century Surety adv. Kinzel Glass | Bonetati, Reid | 07/09/02 | 05/08/03 |
| 11076 | Industrial Indemnity adv. Lincoln Properties | Gordon & Rees | 07/18/02 | 08/30/02 |
| 11077 | State Farm adv. Martin | Chapman, Popik & White | 11/20/02 | |
| 11400 | State Farm adv. Auberman | Evan, Crandall, Wade | 12/09/02 | 03/24/03 |
| 11467 | Allstate adv. Jessel | Luce, Forward, Hamilton | | 07/31/03 |
| 11493 | USAA adv. McDonald | Robie & Matthai | 11/13/02 | 12/18/02 |
| 11816 | MSI Insurance | Crosby & Rowell | 05/29/03 | |
| 11963 | Camico adv. Morghen | Kolod, Wager & Nolan | 01/29/03 | |
| 12002 | Allstate adv. Ricotta | Luce, Forward, Hamilton & Scripps | 09/05/03 | |
| 12330 | Allstate adv. Employers Re | Bates & Carey | 09/30/03 | |
| 12361 | Allstate adv. Lan | Luce, Forward, Hamilton, Scripps | | 06/02/03 |
| 12487 | Safeguard Insurance Co. adv. Edward | Akerman Senterfitt | | 03/02/04 |
| 12603 | USAA adv. O'Neill | Shifflet, Kane & Konoske | 08/07/03 | 10/02/03 |
| 13385 | USAA adv. Rogers | Shifflet, Kane & Konoske | 10/23/03 | 01/15/04 |
| 13458 | Mass Bay Ins. Co. adv. Union Pacific | Berger, Kahn, Shafton | | 05/03/04 |
| | | Recorded Testimony / Not in Courtroom | | |
| 13771 | State Farm adv. HOA for 2130 Leavenworth | Chapman, Popik & White | 02/20/04 | 03/04/04 |
| 13960 | Platinum adv. National Casualty | Tim Hogan | 04/06/04 | 04/15/04 |
| 15356 | Platinum adv. National Casualty / Romero | Tim Hogan | 04/06/04 | |
| 15558 | Certain Underwriters adv. Per-Se Technologies | Sedwick, Detert, Moran | 04/26/04 | |
| 15797 | Constitution Re adv. Travelers | Bates & Carey | 07/22/04 | |
| 15801 | Kemper Ins. Co. adv. Textile International | Sedgwick, Detert, Moran & Arnold | 09/14/04 | |
| 16198 | Clarendon National adv. Dittrich | Harrington, Foxx, Dubrow | 10/06/04 | |
| 16320 | Employers of Wausau adv. Morgan | Selman & Breitman | 08/10/04 | |
| 16325 | Ward North America adv. First Specialty Insurance | Norton, Hubbard, Ruzicka | 10/05/04 | |
| 16327 | Buckeye State Mutual adv. Diluollo | Reotzel & Andress | | 03/09/05 |
| 16512 | Claims Control Corp. adv. General Security | Baker & McKenzie | 12/30/04 | 02/09/05 |
| 16925 | Northwestern Pacific Indemnity Co. adv. Sitrick | Archer Norris | 02/26/05 | 04/14/05 |

**EXPERT TESTIMONY**

12/17/12

| CLAIM | CAPTION | FIRM | DEPOSED | TESTIFIED |
|-------|---------|------|---------|-----------|
| 16947 | RLI adv. National Union | Bistline & Cohoon | 05/27/05 | |
| 16948 | Progressive adv. Chen | Law Offices of Julie Azrael | 05/05/05 | |
| 16952 | Tressler, Soderstrom adv. Savers P.C. | Hinshaw & Culbertson | 06/24/05 | 07/22/05 |
| 17268 | Federal Insurance Co. adv Evans & Sutherland | Rudloff, Wood & Barrows | 05/06/05 | 05/11/05 |
| 17268 | Federal Insurance Company adv. Evans & Sutherland | Rudloff, Wood & Barrows, LLP | 11/15/05 | |
| 18287 | AMCO Insurance Co. adv. Alvarado | Burnham Brown | 09/29/05 | |
| 18291 | St. Farm Insurance Co. adv. Cooper | Chapman, Popik & White | 09/16/05 | |
| 18404 | Federal Insurance Co. adv. Simon | Archer Norris | 09/28/05 | |
| 18544 | St. Paul Fire & Marine adv. Atmel Corporation | Sedgwick, Detert, Moran & Arnold | 11/17/05 | |
| 18921 | St. Paul Fire & Marine adv. J.T. Thorpe | Choate Hall & Stewart | 03/02/06 | |
| 18946 | Superior National adv. US Life | Conservation & Liquidation Office | 01/24/06 | 03/28/06 |
| 19303 | Hudson Insurance Co. adv. Moore Info. Svcs. | Nelson, Thompson, Pegue & Thornton | 08/01/07 | |
| 19312 | Untied National Group adv. Aon, Ltd. | Chadbourne & Parke | 05/03/07 | 11/07/08 |
| 19312 | Untied National Group adv. Aon, Ltd. | Chadbourne & Parke | 08/15/07 | 11/18/08 |
| 19433 | Progressive Insurance adv. Newland | Farmer, Murphy, Smith & Alliston | 04/01/06 | |
| 19435 | Hartford Insurance Company adv. Demery | Bingham McCutchen LLP | 03/23/06 | |
| 19687 | Robert V. Jones Corp. adv. Mt. Hawley Ins. Co. | Meredith, Weinstein & Numbers | 01/03/07 | |
| 19688 | McKinley adv. Bondex/RPM | Porter, Wright, Morris & Arthur | 12/06/06 | |
| 19823 | Albert D. Seeno adv. Insurance Co. of the West | Archer Norris | | 06/30/06 |
| 20261 | Topa Ins Co. adv. Safeco Ins. Co. | Harrington, Foxx, Dubrow & Canter | 07/19/06 | 08/15/06 |
| 20692 | Markel Ins. Co. adv. Whispering Winds Catholic | Gordon & Rees | 11/30/06 | |
| 20980 | Travelers Ins. Co. adv. 1333 N. California Blvd. | Gibson, Dunn & Crutcher | 10/04/06 | 10/19/06 |
| 21018 | Topa Insurance Company adv. Hadid | Harrington, Foxx, Dubrow & Canter | | 11/08/06 |
| 21066 | State Farm adv. Phillip Guttman | LHB Pacific Law Partners | 01/18/07 | |
| 21225 | Federal Insurance Co. adv. AT&T Wireless Services | DLA Piper US LLP | 03/22/07 | 07/23/07 |
| 21827 | Progressive Ins. Co. adv. Kelly | Law Offices of Julia Azrael | 09/24/07 | 02/15/08 |
| 21866 | St. Paul Ins. Co. adv. Christensen Shipyards | Duane Morris | 08/19/07 | |
| 21896 | Mt. McKinley  adv. Federal-Mogul Global | Walker, Wilcox & Matousek | 05/31/07 | |
| 22066 | Essex Insurance Co. adv. Peter Corrick & Assoc. | Wright, Robinson, Osthimer & Tatum | 09/06/07 | |
| 22073 | Allstate Insurance Co. adv. Hurtado | Luce, Forward, Hamilton & Scripps | 03/06/08 | |
| 22088 | Homesite Insurance Co. adv. Rodriguez, Kathy | Haight, Brown & Bonesteel | | 06/15/07 |
| 22365 | Gray, York & Duff/Tile Trends adv. Caliber One | Tim Hogan | 09/26/07 | |
| 22672 | National Union Fire Ins. adv. Acacia Research Corp | Gordon & Rees | 11/06/07 | 11/20/07 |
| 22747 | Gulf Insurance Company adv. Christner | Waldeck, Matteuzzi & Sloan | 01/17/08 | |
| 22897 | Dairyland Insurance Company adv. Gutierrez | Ross, Dixon & Bell, LLP | 04/15/08 | |
| 22926 | Admiral Insurance Co. adv. Granatelli Motor Sports, Inc. | Walsh & Furcolo LLP | 02/08/08 | |
| 22943 | North River Insurance Co. adv. Bishop of Pueblo | Merlo, Kanofsky, Brinkmeir & Gregg | 04/11/08 | |
| 28456 | Progressive West adv. Tiscareno | Robie & Matthai | 08/25/10 | 10/04/11 |
| 28552 | Westchester Surplus Lines adv. MMI Realty Services | Lyons, Brandt, Cook & Hiramatsu | 03/02/09 | |
| 29033 | Parker & Sommers adv. Infinity Insurance Co | Hansen Kohls Jones Sommer & Jacob LLP | 02/25/09 | |
| 29587 | Clarendon adv. Legacy | Harrington, Foxx, Dubrow & Canter | 08/20/09 | |
| 30157 | N. California Relief adv. Ins. Co. of the West | Farmer Smith Law Group | 06/23/09 | 07/17/09 |
| 30240 | Nationwide adv. Hull | Cannon & Nelms | 05/04/10 | |
| 31590 | Everest National Ins Co. adv. Redland Insurance Co | Budd Larner | 09/21/10 | 02/23/12 |
| 31817 | Chartis Specialty Ins. Co. adv. Columbia Casualty | Bates & Carey | 12/10/10 | 10/26/11 |
| 31897 | Atlantic Mutual adv. A.P.I. Inc | Bassford Remele | 06/17/10 | |
| 32061 | Philadelphia Indemnity Co. adv. Landwin Management | Sedgwick, Detert, Moran & Arnold | 05/28/10 | |
| 32192 | American Int'l Spec. Lines adv. Columbia Casualty | Bingham McCutchen LLP | 04/08/11 | 06/23/11 |
| 32565 | State Farm adv. Minkin | Chapman, Popik & White | 09/17/10 | |
| 33124 | Progressive adv. Thyberg | Law Offices of Julia Azrael | 03/11/11 | 09/15/11 |
| 33418 | Insurance Co. of the State of Pennsylvania adv. Shy | Lewis, Brisbois, Bisgaard & Smith | 09/07/11 | |

## EXPERT TESTIMONY

12/17/12

| CLAIM | CAPTION | FIRM | DEPOSED | TESTIFIED |
|---|---|---|---|---|
| 33435 | Clarendon Insurance Co adv. Empire Enterprises, Inc. | Harrington, Foxx, Dubrow & Canter | 11/15/11 | |
| 33458 | Topa Insurance Co adv. Suarez | Harrington, Foxx, Dubrow & Canter | 06/02/11 | |
| 33461 | One Beacon adv. Yarway | Gordon & Rees | 06/16/11 | |
| 33579 | State Farm adv. Hekmat | Robie & Matthai | 06/20/11 | |
| 34384 | Century Surety adv. Carlson, Ron and Marion | Woolls and Peer | 01/16/12 | |
| 34468 | Milhouse adv. Travelers | Cannon & Nelms | 03/20/12 | |
| 34539 | Progressive adv. AAA | Farmer Smith Law Group, LLP | 01/20/12 | |
| 34551 | Enterprise/Alamo Rent-a-car adv. Mary Asta | Yukevich, Calfo & Cavanaugh | 01/09/12 | |
| 34585 | Allied World Insurance Co adv Bohn/Lyman | Carlton Fields | 03/26/12 | |
| 34673 | ACE/AMICO adv. Santa Fe Braun, Inc. | Gordon & Rees | 10/18/12 | |
| 35072 | NCR adv. Gulf Reinsurance | Farmer Smith Law Group, LLP | 05/17/12 | |
| 35321 | Allstate Insurance Co adv. Carpenter | Strook & Strook & Lavan | | 09/14/12 |

**PROOF OF SERVICE**

*American Alternative Insurance Co. v. Hudson Insurance Co.., et al.*
USDC, Central District of California, Case No. EDCV12-622 JFW (DTBx)

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and am not a party to the within action.

On March 11, 2013, pursuant to the Court's Electronic Filing System, I submitted an electronic version of the following document(s) via file transfer protocol to ECF (Electronic Case Filing)

**NOTICE OF FILING THE DECLARATION OF EDWARD J. MCKINNON IN SUPPORT OF HUDSON SPECIALTY INSURANCE COMPANY'S OPPOSITION TO AMERICAN ALTERNATIVE INSURANCE CORPORATION'S MOTION FOR SUMMARY JUDGMENT**

and true copies of these documents were served electronically upon all counsel of record by the Court's CM/ECF System, or if such service is not authorized, by first class mail, in accordance with Rule 5 of the Federal Rules of Civil Procedure.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 11, 2013, at Los Angeles, California.

*Maria T. Escobedo*

L0356259.DOC